IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |  | |
|---|---|---|---|
| PARK HARVEY APARTMENTS, LLC, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CIV-07-450-R | |
| | ) | | |
| PARK HARVEY LLC; HARVEY & PARK, LLC OF FLORIDA; BARBARA S. BROOKES, TRUSTEE OF THE BARBARA S. BROOKES TRUST UNDER SCHONWALD FAMILY TRUST, | ) ) ) ) ) ) ) | | |
| | ) | | |
| Defendant. | ) | | |

## ORDER

This matter comes before the Court on the cross-motions for partial summary judgment, filed first by the Plaintiff and responded to and countered by the Defendant. The parties have filed their briefs and the Court conducted oral argument on the motions. Having reviewed their submissions, the Court finds as follows.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th

Cir.1977). The parties agree that the issue of the contract's interpretation is not subject to any factual disputes.

## DISCUSSION

On September 21, 1955, the parties' predecessors entered into a 99-year ground lease. Defendants' predecessors were the lessors, and Plaintiff's predecessors, the lessees. The lease included the following terms:

> As a further consideration of the leasing and demising as aforesaid, the said lessee further covenants and agrees that as soon as it can obtain possession of said premises from the present tenants of Lessors, **it will commence the erection of a modern, fireproof office building on said premises** of at least seventeen (17) stores in height, the design and construction of which shall be determined by the Lessee . . . .Said building shall be constructed in accordance with the laws of the State of Oklahoma and the Ordinances of Oklahoma City, and shall be paid for entirety by the Lessee.

Lease ¶ 4 (emphasis added). The lease additionally required that "[a]s a part of the consideration of the execution of this Lease Contract" that the lessee enter into a contract for the erection of the modern office building prior to November 21, 1955.

The lease included the following provisions:

> It is further agreed that the said Lessee will, during the entire period of this lease, at is own expense, cost and charge, keep the building so erected upon said premises, and any other building which may be erected thereon, and all appurtenances thereunto belonging . . . in a good, safe and secure condition, reasonable wear and tear excepted so long as safety, good repair and cleanliness is not impaired . . .and will conform to all municipal laws and all other ordinances or laws affecting said premises . . . .

Lease, ¶ 9.

The lease contains a provision regarding the major or total destruction of the building.

>In the event of a major or total destruction of the building on demised premises it is agreed as follows:
>
>>(a) If said event is within the first twenty (20) years of the term of this lease, Lessee agrees to rebuild a modern office building covering demised premises, or not less than ten (10) stories in height of equal or better quality than the destroyed building; or (b) In the event such occurrence is during the remaining term of said lease, Lessee agrees to rebuild a modern office building covering demised premises of not less than seventeen (17) stories in height, of equal or better quality than the building destroyed.

Lease, ¶ 11.

The building was timely constructed and came to be known as "the Park-Harvey Building." In September 2005, Plaintiff purchased its interest in the Park-Harvey Building, consistent with the terms of the ground lease, which permitted assignment of the original lessee's interest.[1] The building had fallen into disrepair and no longer complied with local building codes. Notably, the building did not have a sprinkler system and required asbestos abatement. Plaintiff hired architects and engineers to develop a renovation plan for the interior of the building, intending to utilize the space for apartments and commercial offices.

Plaintiff alleges that to date it has expended in excess of fourteen million dollars to renovate the interior of the Park-Harvey Building, which included work to render the building compliant with current building codes. Plaintiff contends that Defendant interfered with its development of the Park-Harvey Building. by notifying Plaintiff that its actions in

---

[1] Defendants assert that the transfer was not properly completed because the notice provided was not adequate.

renovating the building for use as apartments violated the terms of the ground lease. Defendants gave Plaintiff notice of an alleged default, asserting therein that if the terms of the ground lease were not met within six months, Defendants would consider the ground lease terminated and take possession and title to the property. Plaintiff alleges that Defendants are merely attempting to extract higher rental rates than provided by the Ground Lease.

As noted, Defendants argue that Plaintiff was not permitted to alter the character of the Park-Harvey building for residential purposes because of the clear language in the lease requiring the lessee to construct a <u>modern office building</u> and to maintain a <u>modern office building</u>. Plaintiff argues that in accordance with the original lease that a modern office building was constructed on the demised property and that Plaintiff's continuing obligations are to pay taxes and maintain insurance on the building. Plaintiff characterizes the term "modern office building" as descriptive of the nature of the edifice not its sole usage. Defendants disagree, arguing that the transformation of the building into a residential facility violates the clear language of the lease.

"[A] lease is in the nature of a contract and is controlled by principles of contract law." *Mercury Inv. Co. v. F.W. Woolworth Co.*, 706 P.2d 523, 529 (Okla. 1985). Accordingly, the Court must interpret the ground lease "so as to give effect to the intent of the parties at the time the contract was formed." *Id.* "A contract consists not only of the agreements which the parties have expressed in words, but of obligations that are reasonably implied." *Id.* at 530, n. 19. Defendant contends that the use of the Park-Harvey building as

an office building is expressly stated in the lease, which required the original lessee to erect a modern office building and to rebuild a modern office building in the event any existing structure was destroyed.[2]  Defendants argue that these limitations make it clear that the building was at all times during the 99-year ground lease to be used as an office building. Plaintiff contends that there is no such express limitation, and that the language of the lease does not require any specific use of the building.

The general rule for use of lease premises has been often stated in both the case law and treatises.

> A tenant may make any use of the premises not illegal and not forbidden by the terms of the lease under which he holds. This rule is subject to the further qualified, however, that he must not so use the premises as to substantially injure the reversion.

1 American Law of Property, § 3.39(A.J. Casner 1952 ed.)(quoted in *Southland Corp. v. D.C. Burns Realty & Trust Co.*, 444 P.2d 394, 396 (Colo. 1968)).

> A provision in a lease authorizing the use of the premises for a specified purpose or stating that they are to be used for such a purpose is generally regarded as permissive, instead of restrictive, and does not limit the use of the premises by the lessee to such purposes, or impliedly forbid that they be used for a similar lawful purpose which is not injurious to the landlord's rights or not otherwise forbidden.

32 Am.Jur.*,* Landlord and Tenant, §§ 203 (quoted in *Borgen v. Wiglesworth*, 369 p.2d 360, 363 (Kan. 1962)).  "[I]n the absence of an exclusion of other purposes, a lease for a specific purpose will be regarded as permissive instead of restrictive and does not limit the use of the

---

[2] Neither party argues that the lease is ambiguous or that extrinsic evidence of the intention of the original parties is either available or relevant to the outcome of this dispute.

premises by the lessee to such purposes." *Chassereau v. Stuckey*, 342 S.E.2d 623n (S.C.Ct.App. 1986). "[A] lease provision [that] sets forth the use of the property , . . . absent a clear and specific indication that the landlord intended to limit the tenant's use of the property, is generally permissive and not restrictive." *Forman v. United States,* 762 F.2d 875, 880 (Fed.Cir. 1985). "Generally, absent express restrict terms, . .. descriptive clauses are merely permissive in nature and do not restrict the lessee's use of the premises." *Rapids Assocs. v. Shopko Stores, Inc.*, 292 N.W.2d 668 (Wisc. 1980).

> Where the words used in the lease are merely descriptive of the character of the premises, although indicating a particular use to which they might be adapted, the great weight of authority is to the effect that such words cannot be construed as a restriction upon the lessee, in his use of the property, to the distinctive use which words may suggest.

32 Am. Jur. Landlord and Tenant, § 204 (quoted in *Borgen*, 369 P.2d at 363).

The Court concludes that although the instant ground lease twice mentions the requirement of a modern office building, that this term was merely descriptive of the type of building to be erected, and re-built in the event of total destruction, but that the phrase does not expressly limit the Plaintiff's use of the premises. Had the parties desired that the building be consistently utilized as an office building, the lease should have expressed this desire.

The Court further finds that there is no implied covenant that the building not be used for purposes other than office space. The Oklahoma Supreme Court has noted that following with regard to implied covenants.

> As a general rule implied covenant are not favored in the law. This view owes

> its force to the presumption that when the parties have entered into a written agreement that embodies their obligations, they have expressed all the conditions by which they intend to be bound. Courts are reluctant to imply covenants where the obligations sought to be imposed by the contracting parties are not expressed in the written text. Absent, illegality, contracting parties are free to bargain as they see fit. When the bargained-for agreement is reduced to writing, a court may not make a new contract for the parties or rewrite the existing contract.

*Mercury*, 706 P.2d at 530 (footnotes omitted). The court continued by noting that before an implied covenant may be found that the following conditions must be met:

> (1) the obligation must arise from the presumed intention of the parties as gathered form the language used in the written instrument itself or it must appear from the contract as a whole that the obligation is indispensable in order to give effect to the intent of the parties; and (2) it must have been so clearly within the contemplation of the parties that they deemed it unnecessary to express it.

*Id.* The Court finds that the terms of the ground lease are such that no use limitation is implied. Had the parties to the original ground lease contemplated a particular internal configuration of the building to be erected on the leased premises, they could have done so. Rather, the ground lease provides that an office building be built, and once built, the lessee was permitted to make alterations, enlargements or extensions to any building, structure or improvement, so long as the lessor was held harmless. Lease, ¶ 8. The Court concludes that the terms of the lease are insufficient to create an implied covenant that the building once erected be permanently maintained as an office building.[3]

---

[3] The fact that the parties entered into a 99-year ground lease further supports the Court's conclusion that the parties did not intend the building to be used solely as an office building for this entire period. The parties could not have contemplated that the best usage for a parcel of land in 1955 would remain the best usage for the next 99 years.

The Court concludes that use of the term <u>modern office building</u> in the ground lease does not preclude the Plaintiff's recent actions in modifying the inside of the Park-Harvey building for residential purposes, either by virtue of an express or an implied covenant in the lease.  As such, Plaintiff is entitled to summary judgment on the issue of whether its conversion of the Park-Harvey Building to apartments from its prior use as offices breached the ground lease.  The Court concludes that there are no issues of fact with regard to this issue and as a matter of law, Plaintiff was not in breach of the lease.  Plaintiff's motion for partial summary judgment is granted, and Defendants' cross-motion is denied.[4]

IT IS SO ORDERED this 17th day of March 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] Defendants filed a Rule 56(f) affidavit in conjunction with their response to Plaintiff's motion for partial summary judgment.  Having reviewed the affidavit of counsel the Court is unable to conclude that the discovery sought would be relevant to the outcome of this particular motion.  Accordingly, the request for additional time in which to respond to Plaintiff's motion is denied.